## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALEJANDRO COSTA** | : | |
| 5425 Connecticut Ave. NW 412 | | |
| Washington DC 20015 | : | **FAIR LABOR STANDARDS ACT** |
| | | |
| **ABDELAZIZ GHAZAZ** | : | **COLLECTIVE ACTION** |
| 5300 Holmes Run PKWY #1018 | | |
| Alexandria, VA 22304 | : | **DEMAND FOR JURY TRIAL** |
| | | |
| **ANNA RADIONOVA** | : | |
| 4600 S Four Mile Run Dr., #608 | | |
| Arlington, VA 22204 | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | **Civil Action No. : 1:14-cv-00679** |
| | | **Calendar No. :** |
| **TABLE DC LLC DBA TABLE** | : | **Judge:** |
| 903 N St. NW | | |
| Washington, D.C. 20001 | : | |
| R/A | | |
| Jecca Corporate Services Inc. | : | |
| Registered Agent for Table DC, LLC | | |
| 1225 19th Street, #320 | : | |
| Washington, D.C. 20036 | | |
| | : | |
| **&** | | |
| | : | |
| **FREDERICK DEPUE** | | |
| 903 N St. NW | : | |
| Washington, D.C. 20001, | | |
| | : | |
| | | |
| | : | |
| | | |
| **Defendants.** | : | |

## <u>COMPLAINT</u>

Plaintiffs Alejandro Costa, Abdelaziz Ghazaz, and Anna Radionova and all

other similarly situated employees, collectively (Plaintiffs), allege by and through their

attorneys, the Gowen Group Law Office, PLLC their attorney, William J. Phelan, IV,

Esq., as follows:

## INTRODUCTION

1.      This is a challenge to Defendants' Table DC LLC, ("Table") and Frederick

DePue ("DePue") unlawful practice of paying servers less than minimum wage through

the use of a tip credit, while maintaining a tip-pooling policy under which a

management employee receives a portion of the "tip-pool." This practice runs afoul of

the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and its District

counterpart, District of Columbia Minimum Wage Revision Act, D.C. Code Ann. § 32-

1003(a) ("DCMWRA").

2.      Plaintiffs worked for Table as servers. At the end of each shift, all of the servers

combine their tips into the pool and it is divided among the servers, busboys, hosts and

the manager.

3.      Table pays its servers less than minimum wage by utilizing the "tip-credit"

provisions under federal and D.C. law. 29 U.S.C. § 203(m); D.C. Code Ann. § 32-

1003(f).

4.      The "tip-credit" provisions allow employers to pay certain tipped employees

less than minimum wage as long as certain conditions are met. The most notable

conditions are that the employer must ensure that an employee's tips make up the

difference between the lower hourly rate and minimum wage for every hour that is

worked, and that the employer or any management employee does not receive any

portion of the employee's tips.

5.      Plaintiffs have had their income significantly reduced because Table has instituted an unlawful tip-pooling policy that allows a manager to participate in a tip-pool, thereby taking tips from the servers in violation of the law.

6.      Defendants have further violated the District of Columbia Wage Payment and Collection Act by failing to pay the Plaintiffs their wages within ten working days of the the close of a pay period. *See* D.C. Code § 32-1302.

7.      Pursuant to the FLSA, Plaintiffs allege that they are entitled (1) wages improperly deducted from tip-pool and paid to management employees; (2) liquated damages equal to Plaintiff's unpaid wages under the FLSA; and (3) reasonable attorneys' fees and costs.

8.      Pursuant to DCMWRA, Plaintiffs allege that they are entitled to (1) unpaid wages deducted from the tip-pool and paid to management employees; and (2) liquated damages equal to Plaintiffs' unpaid wages under the DCMWRA.

9.      This Complaint is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiffs and other person who are or have been employed by defendants as servers for up to three years prior to this action.

10.     The members of the class are similarly situated because they all perform the same or similar job duties and are all subject to Defendants' common policies and practices of violating employees' protections under FLSA, District of Columbia Minimum Wage Revision Act, and D.C. Wage Payment and Wage Collection Act.

11.     Plaintiffs are not exempt from the protections of the FLSA, DCMWRA, or DCWPCA provisions because Plaintiffs' primary duties do not include administrative, professional, or managerial work.

## JURISDICTION & VENUE

12.     This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant

to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiffs' claims

under DCWPCA pursuant to 28 U.S.C. § 1367. Both the federal and District claims

alleged herein arose from a common nucleus of operative fact, the state action is so

related to the federal claim that they form part of the same case or controversy, and the

actions would ordinarily be expected to be tried in one judicial proceeding.

Additionally, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because the action involves a federal statute, 29 U.S.C. § 216(b).

13.     This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28

U.S.C. § 2201(a) and further relief pursuant to 28 U.S.C. § 2202.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant

Table is found and does business in this District.  Alternatively and cumulatively, venue

is proper in this Court pursuant to 28 U.S.C. § 1391 in that violation of Plaintiffs' rights

have taken place in this District.

## PARTIES

15.     Plaintiff Alejandro Costa is a natural person residing in the District of

Columbia.

16.     Plaintiff Abdelaziz Ghazaz is a natural person residing in Alexandria, Virginia.

17.     Plaintiff Anna Radionova is a natural person residing in Arlington, Virginia.

18.     Defendant Table is a District of Columbia limited liability company with its

principle office located at 903 N St. NW, Washington, D.C. 20001. Table LLC operates

Table, a full service restaurant located at the same address. Table's registered agent is

Jecca Corporate Services Inc., located at 1225 19th Street #320, Washington, D.C. 20036.

19.     Upon information and belief, Defendant Frederick DePue is a natural person who owns and operates Table DC LLC. DePue instituted the unlawful tip-pooling policy.

## FACTS

16.     Defendants are engaged in interstate commerce.

17.     In or around January 2013, Plaintiff Costa began working as a server at Defendant Table restaurant in Washington, DC.

18.     In or around April 2013, Plaintiff Ghazaz began working as a server at Defendant Table restaurant in Washington, DC.

19.     In or around April 2013, Plaintiff Radionova began working as a server at Defendant Table restaurant in Washington, DC.

20.     Servers at Table participate in a tip pool, wherein their tips are combined and then split up amongst the front of house staff at the end of each shift.

21.     Defendant Table utilizes the "tip credit" to pay its servers less than the statutory minimum wage under both Federal and District of Columbia law.

22.     Under District of Columbia law, employers may be permitted to take a "tip credit" toward their minimum-wage obligations, allowing the employers to pay a minimum cash wage of $2.77 per hour to "tipped employees" as long as the employee's tips make up the difference between the $2.77 hourly cash wage and the current minimum wage. D.C. Code Ann. § 32-1003(f).

23.     An employer taking advantage of the tip credit may not share in any of the tips earned by employees. 29 C.F.R. § 531.52.

24.     If an employer does not fully comply with the requirements of the tip credit provision, "no tip credit may be claimed and the employees are entitled to receive full cash [minimum wage], in addition to any tips they may have received." Dep't of Labor, Wage & Hour Div., Field Operations Handbook § 30d01(b) (Dec. 9, 1988).

25.     In or around December 2013, Table hired Joe Ervin as its manager.

26.     As a manager, Mr. Ervin is an employer under FSLA because he has the authority to make personnel decisions, set schedules, and performs payroll duties for Table restaurant.

27.     As a compensation incentive, Table instituted the illegal "tip-pooling" policy under which Mr. Ervin, while working as a manager, received a portion of the servers' tips.

28.     Table maintains a tip-pooling policy for its servers, bussers and hostesses. Under the policy, the three groups receive the following percentage of that shift's tips: bussers 25%; 2% for each hostess; and servers receive the balance. The servers and bussers tip money is then divided by the number of employees within that group each shift. The unlawful part of this tip pooling system is that Table's manager Ervin is participating in the servers' tip-pool by taking sixth tenths of a share.

29.     For example, on December 13, 2013, the total tip-pool for the night was $1,014.59. The breakdown for the tip payouts was as follows:

        Bussers: $253.65

        Hostesses: $40.58

Servers: $720.36

30.     The servers pool was then divided amongst the three servers and Mr. Ervin

where in the servers received $200.10 each and Mr. Ervin took $120.06. This resulted

in each servers' pay being reduced by $40.02.

31.     Plaintiffs have reported this illegal conduct, but the situation has not remedied

and has continued.

32.     Below is an non-exhaustive list of some of the nights that Defendants' unlawful

conduct has occurred:

    a.     On December 14, 2013, Mr. Ervin worked at Table as a manager

    during the dinner shift. The Daily Tip Out report shows a total of

    $783.41 in the servers' tip pool. Mr. Ervin was impermissibly paid

    $130.57 of the money in the tip pool, despite the fact that Mr. Ervin

    was not working as a server.

    b.     On December 20, 2013, Mr. Ervin worked at Table as a manager

    during the dinner shift. The Daily Tip Out report shows a total of

    $835.13 in the servers' tip pool.   Mr. Ervin was impermissibly paid

    $139.19 of the money in the tip pool, despite the fact that Mr. Ervin

    was not working as a server.

    c.     On December 21, 2013, Mr. Ervin worked at Table as a manager

    during the dinner shift. The Daily Tip Out report shows a total of

    $835.92 in the servers' tip pool. Mr. Ervin was impermissibly paid

    $139.32 of the money in the tip pool, despite the fact that Mr. Ervin

    was not working as a server.

33.     On February 14, 2014, Plaintiffs, through undersigned counsel, sent a demand letter to Defendant Table.

34.     In or around February 2014, Plaintiff Costa resigned because the illegal practices continued.

35.     On or around February 19, 2014, Plaintiff Ghazaz resigned because the illegal practices continued.

36.     In or around March 2014, Plaintiff Radionova resigned because the illegal practices continued.

37.     As of the date of this filing, the parties have been unable to resolve the matter.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs are similarly situated because they all perform the same or similar job duties and are subject to Defendants' common policies and practices of violating employees' protections under the FLSA, DCWPCA, and District of Columbia Minimum Wage Revision Act. *See* 29 U.S.C. § 201 *et seq.*; D.C. Code Ann. § 1303; D.C. Code Ann. § 32-1003.

39.     All members of the class were paid in the same or similar manner and under the same standard employment procedures and practices established by Defendants.

40.     All members of the class were subject to the same unlawful policy that violated provisions of the FLSA and District of Columbia Minimum Wage Revision Act.

41.     All members of the class were subject to the same tip-pooling scheme.

42.     During the class period, Defendants knew that the members of the class were not exempt from the protections of the FLSA, District of Columbia Minimum Wage Revision Act, and District of Columbia Wage Payment and Collection Act.

8

43.     Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiffs for the full amount of all of their unpaid wages, plus an additional amount of liquated damages, plus the attorney's fees and costs of the members of the class.

44.     Attached as an exhibit to this Complaint are written consents to the filing of this Complaint duly executed by the Plaintiffs pursuant to 29 U.S.C. § 216(b).

## CAUSES OF ACTIONS

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA") 42 U.S.C. § 201 ET. SEQ.  AGAINST ALL DEFENDANTS

45.     Plaintiff alleges and incorporates by reference paragraphs 1 through 44.

46.     Defendants have violated the FLSA by paying their servers less than minimum wage while allowing a management employee to consistently share in the tip-pool.

47.     Plaintiffs are employees under the FLSA. 29 U.S.C. § 203(e)(1).

48.     Table is an employer under the FLSA. 29 U.S.C. § 203(d).

49.     DePue is an employer under the FLSA. 29 U.S.C. § 203(d).

50.     Plaintiffs are not exempt from the protections of the FLSA or DCMWRA provisions because Plaintiffs' primary duties do not include administrative, professional, or managerial work.

51.     Mr. Ervin was a manager as his duties included making personnel decisions, setting schedules, and performing payroll duties for Table restaurant. The schedules created by Mr. Ervin, clearly list him as manager for the nights plaintiffs allege he illegal participated in the tip pool.

52.     Defendants have paid Plaintiffs less than minimum wage utilizing the tip credit.

53.     Employers are ineligible to receive portion of the tips when the employer pays an employee less than minimum wage.

54.     Plaintiffs were injured by Defendants' illegal actions.

55.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid wages in tips and minimum wage, liquated damages, reasonable attorney's fees and the costs of this actions.  29 U.S.C. § 216(b).

## COUNT II – VIOLATIONS OF D.C. MINIMUM WAGE REVISION ACT AGAINST ALL DEFENDANTS

56.     Plaintiff alleges and incorporates by reference paragraphs 1 through 55.

57.     District of Columbia law requires employers to pay employees minimum wage for work performed. D.C. Code Ann. § 32-1003(a).

58.     Defendants are employers under the statute. D.C. Code Ann. § 32-1002(3).

59.     Plaintiffs are employees under the statute. D.C. Code Ann. § 32-1002(2).

60.     By the above course of conduct, Defendants have violated the District of Columbia Minimum Wage Revision Act.

61.     Defendants have violated D.C. Minimum Wage Revision Act willfully.

62.     Due to Defendants' DCMWRA violations, Plaintiffs are entitled to their unpaid wages, liquidated damages and reasonable attorney's fees.  D.C. Code § 32-1012(a), (c).

## COUNT III – VIOLATIONS OF D.C. WAGE PAYMENT AND COLLECTION ACT AGAINST ALL DEFENDANTS

63.     Plaintiff alleges and incorporates by reference paragraphs 1 through 62.

64.     Under D.C. law, there cannot be more than ten working days between the close of a pay period and the payment of wages from that period. *See* D.C. Code § 32-1302.

65.     Plaintiffs are employees under D.C. Wage Payment Act.  D.C. Code § 32-1002(2).

66.     Table is an employer under D.C. Wage Payment Act.  D.C. Code § 32-1002(3).

67.    DePue is an employer under D.C. Wage Payment Act.  D.C. Code § 32-1002(3).

68.    There was no bona fide dispute over the amount of wages conceded to be due.

69.    Even if Defendants believed there was a bona fide dispute as to wages, it is still in violation of D.C. Wage Payment Act as the employer failed to give written notice of the amount of wages conceded to be due and any deductions that were made. *See* D.C. Code Ann. § 32-1303.

70.    Defendants have willfully violated D.C. Wage Payment and Collection Law by failing to pay Plaintiffs within 10 days of the pay period and 7 days after termination of employment. *See* D.C. Code Ann. § 32-1302.

71.    Due to Defendants' Wage Payment and Collection Law violation, Plaintiffs are entitled to recover their unpaid wages, liquidated damages of 10% of the unpaid wages per working day, and reasonable attorney's fees and costs of this action pursuant to D.C. Code §32-1303(4). As it has been well over 10 days, Plaintiffs are entitled to liquated damages in twice the amount that they are owed.

## COUNT IV – CONSTRUCTIVE DISCHARGE

72.    Plaintiff alleges and incorporates by reference paragraphs 1 through 71.

73.    Defendants constructively discharged Plaintiffs by making working conditions intolerable, thereby causing Plaintiffs to quit.

74.    Defendants deliberately made working conditions intolerable by continuously allowing Mr. Ervin to engage in the tip pool, thereby forcing Plaintiffs to give their tip money to Defendants.

75.     Although Plaintiffs expressed their dissatisfaction with the unlawful tip pool policy, Defendants continued to allow Mr. Ervin to impermissibly take a percentage of Plaintiffs' tips.

76.     Defendants constructively discharged Plaintiffs because they refused to engage in the unlawful tip pool.

77.     As a direct and proximate result of Defendants' wrongful discharge of Plaintiffs, each Plaintiff has loss of earnings and emotional pain and suffering, humiliation, and public embarrassment.

## JURY DEMANDED

78.     Pursuant to Rule 38(b) of the Federal Rules of Procedure, Plaintiffs demand a trial by jury of all matters to which they are entitled by law.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff requests the Court grant the following relief:

1. A trial by jury;

2. A declaratory judgment that Defendants have willfully violated Plaintiffs' rights under FLSA and DCWPCA;

3. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

4. Award Plaintiffs one duplicative award of actual damages against Defendants for unpaid wages under the Fair Labor Standards Act, District of Columbia Minimum Wage Revision Act and District of Columbia Wage Payment and Collection Act;

5. Award Plaintiffs liquidated damages equal to the amount of unpaid wages because of Defendants' violations under FLSA;

6. Award Plaintiffs liquidated damages in twice the amount of the unpaid wages because of Defendant's violations of the DCWPCA, as provided in D.C. Code § 32-1303(4);

7. Award Plaintiff liquated damages equal to the amount of unpaid wages because of Defendants violations of DCMWRA, as provided in D.C. Code §§ 32-1012(a),  (c).

8. Award Plaintiffs their reasonable attorneys' fees and costs against Defendant under FLSA, DCMWRA, D.C. Code §§ 32-1012(a), (c), and DCWPCA, D.C. Code § 32-1303(4);

9. Award Plaintiffs front pay;

10. Award Plaintiffs prejudgment and postjudgment interest on all amounts due to Plaintiffs as a result of this action, with interest at the prevailing rate;

11. Award such relief as this Court deems necessary and proper.


April _____, 2014.


Respectfully Submitted,

GOWEN GROUP LAW OFFICE, PLLC


/s/ Willaim J. Phelan IV_____

William J. Phelan, IV, Esq.
DC Bar No.: 983139

13

Gowen Group Law Office, PLLC
1325 G St. NW, Suite 500
Washington, D.C. 20005
Tel: (202) 380-9355
Fax: (202) 499-1370
william.phelan@gowengroup.com
*Attorney for Plaintiffs*

/s/ F. Peter Silva II
F. Peter Silva II, Esq.
D.C. Bar. No: 1010483 (admission
pending to D.c. Districtr Court)
Gowen Group Law Office, PLLC
1325 G St. NW, Suite 500
Washington, D.C. 20005
Tel: (202) 380-9355
Fax: (202) 499-1370
Peter.Silva@gowengroup.com
Attorney for Plaintiffs